UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE PEDRERO, JR.,

    Plaintiff,

v.                                                                  Case No. 8:19-cv-297-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 181-90). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 103, 106, 112, 117). Plaintiff then requested an administrative hearing (Tr. 122-24). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr.

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

25-48). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-24). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning April 23, 2015 (Tr. 12, 18). Plaintiff obtained a high school education (Tr. 18, 30). Plaintiff's past relevant work experience included work as delivery driver, courier, and furniture sales (Tr. 17). Plaintiff alleged disability due to bulging disc (cervical and thorica), degenerative arthritis, sleep apnea, diabetes, morbid obesity, high blood pressure, tingly fingers and legs, depression (Tr. 49-50, 58-59).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2018, and had not engaged in substantial gainful activity since April 23, 2015, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obstructive sleep apnea (OSA); hypertension; obesity; cervical and lumbar disc disease; diabetes; left shoulder rotator cuff tear; and left knee degenerative changes (Tr. 12). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional

capacity ("RFC") to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, stand and/or walk for 6 hours and sit for up to 6 hours in an 8 hour workday with normal breaks; never climb ladders, ropes, or scaffolds, and can occasionally perform the remaining postural positions including climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; occasionally reach overhead (Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 17-18). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a final inspector, small products assembly, and office helper (Tr. 19). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 18-19).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV. Analysis**

Plaintiff argues that the ALJ erred by failing to find that Plaintiff had the severe impairment of peripheral artery disease and varicose veins with edema (Doc. 24 at 6). Plaintiff was referred to the Vein and Vascular Institute of Tampa Bay ("VVI") due to leg pain and leg swelling where the doctor noted that risk factors for this condition included

family history of varicose veins, obesity and prolonged standing (Tr. 387). Plaintiff argues that the ALJ made no mention of Plaintiff's condition of peripheral artery disease, venous insufficiency, varicose veins, or edema (Doc. 24 at 8). Plaintiff contends that such a diagnosis "appears significant enough to warrant some discussion" and argues that the case should be reversed and remanded with directions to the ALJ to discuss the findings from the VVI that the Plaintiff suffers from peripheral artery disease, venous insufficiency, varicose veins, and edema with risk factors including prolonged standing (Doc. 24 at 8-9).

Plaintiff, however, concedes that an ALJ does not have to discuss every single piece of medical evidence in the record and recognizes that the ALJ did discuss the evaluation by Alberto J. Gonzalez, M.D. of the VVI in his decision (Tr. 13, 16, 17). *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"); *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808-09 (11th Cir. 2013)[2] ("Despite [the claimant's] assertions to the contrary, the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits." (citations omitted)). Although the ALJ did not specifically discuss peripheral artery disease, venous insufficiency, and varicose veins, the ALJ stated that he carefully considered the "entire record" in assessing Plaintiff's RFC and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" (Tr. 14). *See Heatly v. Comm'r of Soc. Sec.*,

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

382 F. App'x 823, 825 n.3 (11th Cir. 2010) (ALJ's statements that he considered "the entire record" and "all symptoms" indicate he considered all of claimant's impairments); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings); *Prince v. Comm'r*, 551 F. App'x 967, 971 (11th Cir. 2014) (finding no error in the ALJ's failure "to make detailed findings or explicitly discuss whether [the claimant's] impairments met or equaled [a Listing]" because the finding could be implied from the ALJ's discussion of relevant medical evidence). Moreover, the ALJ's specific consideration of the evaluation of Dr. Gonzalez from the VVI is evident from the three mentions of the evaluation in the ALJ's decision (Tr. 13, 16, 17), including the ALJ noting "findings of a normal gait and station and normal postural when evaluated by [Dr. Gonzalez]" (Tr. 16). The ALJ's repeated reference to these records make it evident that the objective evidence set forth therein was considered by the ALJ even though not specifically discussed. *See Ingram v. Astrue*, No. 8:07-cv-1591-JDW-TBM, 2008 WL 2943287, at *5 (M.D. Fla. July 30, 2008) ("In light of the ALJ's repeated reference to these records, I am obliged to find that the objective evidence set forth therein was also considered by the ALJ even if not specifically mentioned."). In addition, the ALJ did specifically discuss edema: "With regard to the musculoskeletal system or extremities, the records occasionally note edema, but little or nothing else…. Records in December 2016 specifically report normal range of motion in the musculoskeletal system, no edema, and no tenderness" (Tr. 16). As such, the Court cannot find any error in the ALJ's

consideration or discussion of Plaintiff's condition of peripheral artery disease, venous insufficiency, varicose veins, or edema.

To the extent that Plaintiff complains that the ALJ erred by not finding his peripheral artery disease, venous insufficiency, varicose veins, and edema to be a severe impairment at step two, there was no error committed because the ALJ found other severe impairments and such a finding is sufficient at that stage of the evaluation. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *Heatly*, 382 F. App'x at 825 ("Nothing requires that that ALJ must identify, at step two, all of the impairments that should be considered severe."). As such, the Plaintiff has not shown reversible error with regard to the ALJ's step two finding.

Furthermore, substantial evidence supports the ALJ's finding. In addition to the VVI records showing Plaintiff's gait, station, and posture were normal (Tr. 16, 388), Dr. Steele, a State agency medical consultant, reviewed Plaintiff's records, including the records from VVI, and opined Plaintiff could perform a range of light work consistent with the ALJ's finding (Tr. 70-72, 75-78). The ALJ afforded great weight to Dr. Steele's opinion because it was consistent with the evidence of record (Tr. 17). *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (stating the agency generally gives more weight to opinions that are consistent with the record as a whole).

Finally, Plaintiff bears the burden of proving he is disabled. 20 C.F.R. §§ 404.1512, 416.912; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Plaintiff did not mention peripheral artery disease, venous insufficiency, and varicose veins on his written applications (Tr. 49-50, 58-59, 182). Plaintiff's counsel, in his opening statement at the

ALJ hearing, mentioned amongst Plaintiff's medical conditions "peripheral artery disease documented at [Tr. 376-389]" (Tr. 29). However, it is the functional limitations imposed by a condition, rather than the mere diagnosis of the condition, that determines disability. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The information contained in the VVI records does not identify any functional limitations that should have been considered by the ALJ or were not otherwise incorporated into the ALJ's RFC determination (Tr. 376-389). The risk factors for this condition, noted by Dr. Gonzalez, of family history of varicose veins, obesity and prolonged standing do not constitute functional limitations. Nor does counsel or the Plaintiff demonstrate, much less allege, any specific functional limitations resulting from Plaintiff's peripheral artery disease that the ALJ should have considered. The Court's review of the medical record indicates that no doctor, treating or otherwise, placed limitations on Plaintiff due to peripheral artery disease. Thus, Plaintiff is not entitled to relief on this claim. Accordingly, the Court finds that the ALJ adequately considered the evidence, assessed the Plaintiff's RFC, and complied with the applicable standards such that a remand is not warranted on this claim.

### V. Conclusion

Accordingly, after consideration, it is hereby **ORDERED**:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of Defendant and close the case.

**ORDERED** in Tampa, Florida, on this 5th day of February 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE